[Civ. No. 4076. First Appellate District, Division One.—June 28, 1922.]

## MARY KERNS, Appellant, v. CHARLES H. SCRIVANI et al., Respondents.

[1] LANDLORD AND TENANT — COVENANT OF SURRENDER OF PREMISES IN GOOD CONDITION—DAMAGES FOR ALLEGED BREACH—FINDING—EVIDENCE.—In an action to recover damages for the alleged breach of a covenant in a lease requiring that upon a surrender of the leased premises the lessee would leave them in as good state and condition as reasonable use and wear thereof would permit, which breach was alleged to have been caused by the failure of the de-

Tenant's duty to leave premises in good condition, note, 64 L. R. A. 648.

fendants (who succeeded the original lessee) upon the termination of the lease to remove certain blackberry vines claimed to be old and unprofitable and detrimental to the premises, the finding of the trial court in substance that the vines were not old, unprofitable, or detrimental to the premises was justified, where it was shown that the vines were on the land prior to the execution of the lease, and that this same condition existed at the termination thereof.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles B. Younger for Appellant.

Wyckoff & Gardner for Respondents.

TYLER, P. J.—This action was brought by plaintiff to recover damages for the breach of a covenant in a lease requiring that upon a surrender of the leased premises the lessee would leave them in as good state and condition as reasonable use and wear thereof would permit.

It is alleged in the complaint that upon the termination of the lease defendants failed to remove certain blackberry vines from the premises which, it is claimed, were old and unprofitable, and detrimental to the same; that the lessee did not therefore quit and surrender the premises in as good a state and condition as reasonable use and wear thereof would permit as required of them, to plaintiff's damage in the sum of five hundred dollars. Defendants denied that the berries referred to were unprofitable or detrimental to the premises.

From the evidence it appears that plaintiff leased the lands in question to one B. Scrivani, who died during the term of his tenancy. Defendants are his children, and they succeeded to this and other property of their ancestor. It appeared in evidence that half of the leased tract was planted to berries at the time of the creation of the agreement, and that this same condition existed at the termination thereof.

[1] The trial court found in substance that the vines were not old, unprofitable, or detrimental to the premises.

It further found that the berries were on the land prior to the execution of the lease, and that it was not true that defendants did not surrender the premises in as good a state and condition as reasonable use and wear thereof would permit, and further, that plaintiff did not suffer damage in any amount. Judgment was accordingly entered for defendants. An examination of the record shows that the evidence fully sustains the finding of the trial court. This being so, the judgment is affirmed.

Richards, J., and Prewett, J., *pro tem.*, concurred.